Samuel A. Spiegel, J.
Petitioner moves for an order quashing a subpoena duces tecum dated September 21, 1967, issued by the respondent committee to the petitioner and returnable before a subcommittee of the respondent Committee on Unlawful Practice of the Law, or, in the alternative, for an order modifying the subpoena duces tecum by striking out subparagraphs 2, 3, 4 and 5 thereof.
As early as November 21, 1966, respondent initiated an investigation into the matter of the offering to the public of services in the designing and drafting of pension, profit-sharing, and employee benefit plans and programs. This was made known to the petitioner by letter of November 21, 1966. Petitioner concedes he is engaged in the business of pension and profit-sharing planning, all of which may include the practice of law in the giving of legal advice and formulation of legal documents. To assist in such investigation, the respondent applied for and secured the issuance of the subject subpoena duces tecum dated September 21, 1967, witnessed in the name of the Presiding Justice' of the Appellate Division, Supreme Court, First Department, and signed in behalf of the respondent and by the Clerk of the Appellate Division, First Department.
Pursuant to subdivision 2 of section 90 of the Judiciary Law, as amended, the Supreme Court has power and control not only over attorneys but over those assuming to practice *541 law. The powers conferred by subdivision B of section 750 of the Judiciary Law include the power to institute a proceeding on the court’s motion or on the motion of an officer charged with the duty to investigate unlawful practice of law or by any bar association incorporated under New York State .law. Section 2-b of the Judiciary Law confers on the Supreme Court not only the general power to issue a subpoena in a pending action or proceeding, but in addition “ to devise and make new process and forms of proceedings, necessary to carry into effect the powers and jurisdiction possessed by it.” The Appellate Divisions are empowered to ‘ ‘ Adopt, promulgate, supplement, rescind and modify rules and orders necessary to supplement its powers and duties hereunder including the supervision of the administration and operation of the courts in its department, not inconsistent with any statute hereafter adopted and the standards, policies, rules and orders of the administrative board.” (Judiciary Law, § 216, subd. 1; italics added.) Pursuant thereto, rule XII-A under part 4 of the Rules of the Appellate Division, First Department, was promulgated as follows: ‘ Upon application by the Chairman or Acting Chairman of the Committee on Unlawful Practice of the Law of the New York County Lawyers’ Association, the Association of the Bar of the City of New York, or the Bronx County Bar Association, disclosing that such Committee has reason to believe that a person, firm or corporation is unlawfully practicing or assuming to practice law, and that such Committee desires that an investigation thereof be conducted, or upon application by any such person, firm or corporation under such investigation, the clerk of this court shall issue subpoenas in the name of the Presiding Justice for the attendance of witnesses and production of books and papers before such Committee, or any subcommittee of such Committee designated in such application at the time and place within the First Judicial Department that said Committee or subcommittee regularly meets.” Thus, the alleged assumed or unlawful practice of law may be investigated as well as unprofessional conduct.
There is thus presented a fully-integrated authorization to exercise power and control over the practice of law, licensed and unlicensed, together with the implementation thereof both as to investigation and discipline by statute and rule, all within the powers conferred.
The power to initiate is with the respondent. Since it did initiate the proceeding herein, the matter is sub judice through its enforcing arm (see Matter of Association of Bar of City of N. Y., 222 App. Div. 580). It is sufficient that, in applying *542 for issuance of the subpoena, respondent disclosed reason to believe the existence of a violation of the Judiciary Law, warranting implementation of the investigation into the conduct of petitioner’s business as violative of the Judiciary Law.
With respect to the items of the subpoena the documents and writings to be produced are directly related to the matter under investigation. The time limitation of item 5 is the reasonable time limitation as indicated in items 1 through 4. Production may be made at the situs or at .stages of progress. If in a proper case it appears the books and papers are material and relevant and there is authority for its issuance, the subpoena is proper (Matter of Foster, 139 App. Div. 769).
The motion is denied.